IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ALEXANDER L. BLANCARTE,** ) <br> On behalf of himself and all other ) <br> persons similarly situated, ) <br> ) <br>        **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **PROVIDER PLUS, INC.,** ) <br> ) <br>        **Defendant.** ) <br> _____ ) | Case No. 11-2567-JAR-KGG |

## MEMORANDUM AND ORDER

Plaintiff Alexander Blancarte, a former employee of Defendant Provider Plus, Inc. ("Provider Plus"), brings this collective action on behalf of himself and others similarly situated alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. Plaintiff alleges that Provider Plus failed to pay Delivery Driver/Technicians for all hours worked, including time spent working "on call" and working during unpaid lunch breaks. This matter comes before the Court on Plaintiff's Motion for Conditional Certification of Class Claims (Doc. 23). The matter is fully briefed. For the reasons stated in detail below, Plaintiff's motion is denied.

**I.**     **Standard**

Plaintiff seeks to conditionally certify his claim brought under the FLSA as a collective action under 29 U.S.C. § 216(b). An action under the FLSA may be brought "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other

employees similarly situated."[1]  Unlike a class action under Federal Rule of Civil Procedure 23, to participate in an FLSA collective action, all plaintiffs must "give[ ] [their] consent in writing to become such a party," and it must be "filed in the court in which such action is brought."[2]

Before notice is sent to putative plaintiffs to inform them of the pending action, it must be conditionally certified as a collective action.  The court may certify an opt-in collective action so long as the aggrieved employees are similarly situated.[3]  Section 216(b) does not define "similarly situated."  The Tenth Circuit has approved an *ad hoc* case-by-case basis for determining whether employees are "similarly situated" for purposes of § 216(b).[4]  This involves a two-step inquiry.[5]  The first step occurs at the "notice stage" of the proceedings.  Here, the court determines if certification is proper for purposes of sending notice of the action to potential collective action members.[6]  At this stage, the court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."[7]  This standard is very lenient and typically results in conditional certification.[8]

After discovery is complete, defendant may file a motion to decertify, and the court then

---

[1] 29 U.S.C. § 216(b).

[2] *Id.*

[3] *See id.*

[4] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

[5] *Id.* at 1105.

[6] *Id.* at 1102.

[7] *Id.* (internal alterations omitted); *Gieseke v. First Horizon Home Loan, Corp.*, 408 F. Supp.2d 1164, 1166 (D. Kan. 2006) (citations omitted).

[8] *Thiessen*, 267 F.3d at 1103*; Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).

applies a stricter standard to assure that plaintiffs are actually similarly situated.[9] During this second stage, the court reviews a number of factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings required [] before instituting suit."[10]

## II.     Background

Consistent with the standard articulated above, the following facts are based on the allegations in Plaintiff's Complaint as supplemented by certain evidence submitted by Plaintiff. Provider Plus is a durable medical equipment supplier, with its headquarters and largest showroom in St. Louis, with other Missouri offices in O'Fallon, Festus, Cape Girardeau, Washington, Poplar Bluff, Sikeston and Jefferson City.  It also has an office in Fairview Heights, Illinois, and in Lenexa, Kansas.  Provider Plus employs approximately 170 people, including approximately thirty Delivery Driver/Technicians at any given time.  Plaintiff worked as a Delivery Driver/Technician in the Lenexa, Kansas office.

All Delivery Driver/Technicians are hourly employees.  Delivery Driver/Technicians are responsible for delivering and picking up durable medical equipment, such as wheelchairs and medical recliners, to and from patient homes, hospital rooms and nursing homes.  They also set up and explain the use of the equipment to the patient, family member or caregiver.  Delivery Driver/Technicians often work on-call hours after normal business hours.  They are paid an additional $25 per week, plus an hourly rate for additional time spent handling after hours

---

[9]*Thiessen*, 267 F.3d at 1102–03.

[10]*Id.* at 1103; *Garcia v. Tyson Foods, Inc.*, No. 06-2198-JWL, 2009 WL 352603, at *4 (D. Kan. Feb. 12, 2009).

matters.

Provider Plus's Overtime Pay policy states: "Non-exempt or hourly paid employees will receive overtime pay for hours in excess of 40 hours worked during the same week."[11] Delivery Drivers/Technicians are required to take an unpaid, hour-long lunch break every day. Provider Plus's policy regarding working through lunch reads: "Employees may not voluntarily work during their lunch hour to earn overtime pay or to leave early, unless prior approval has been obtained from [a] supervisor."[12]

According to a sworn statement provided by Plaintiff, Delivery Driver/Technicians regularly worked through lunch and were not compensated for that time. Plaintiff avers that, "[e]ven if our work schedule is so busy that we do not have time to take an hour lunch so that we must work through lunch, we are not paid for an hour of work."[13] He further avers that if Delivery Driver/Technicians recorded on their biweekly time sheets the time spent working through lunch breaks, they were not paid for it and were told by Shawn Fields, a Manager in the Lenexa office, and Jeff Serafin, co-owner of Provider Plus, that they would be reprimanded or even fired, for doing so. Plaintiff also submits for comparison a statement of his earnings for paydate January 15, 2010 reflecting 82 total hours paid, with a time sheet reflecting he worked 90 hours.[14]

Additional detail is provided in the deposition testimony of co-owner Serafin and Emily

---

[11]Doc. 27, Ex. A.

[12]*Id*.

[13]Doc. 24, Ex. 1.

[14]*Id*., Ex. 3,4.

4

Flippo, Human Resources Administrator for Provider Plus.[15]  According to their testimony,[16] the company policy was that Delivery Drivers/Technicians are required to take a lunch hour every day; if an employee works through his lunch hour with prior permission, he records the time on his sheet and is paid for the time.  Likewise, if an employee records on his time sheet that he worked through his lunch hour without permission or approval, he will be reprimanded and likely written up.

### III.    Discussion

Plaintiff seeks conditional certification of a class composed of "all Delivery Driver/Technicians employed by Provider Plus from three years from the date of certification to the Present who were not paid for all hours worked."  As the parties do not dispute that the present motion is pending before this Court at the first stage of review, the Court applies a lenient notice-stage analysis, reviewing the allegations in Plaintiff's Complaint and declarations, requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."[17]

Plaintiff asserts that he is similarly situated to potential opt-in Delivery Driver/Technician plaintiffs because Provider Plus has consistently refused to pay for all hours worked pursuant to its policies, practices and procedures that violate the FLSA.  Plaintiff complains that Delivery Driver/Techicians were regularly required to work over their unpaid lunch hour; he does not make any specific claims regarding failure to be compensated for time

---

[15]*Id.*, Ex. 2.

[16]The portions of the transcript offered by Plaintiff do not identify which party is testifying.

[17]*Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).

5

spent working "on call." Provider Plus opposes conditional certification of the class, and in the alternative, argues that conditional certification should be limited to the Lenexa office.

Provider Plus relies in part on Judge Murguia's decision in *Stubbs v. McDonald's Corporation*.[18] *Stubbs* involved a claim that McDonald's willfully mis-classified plaintiffs and other first and second assistant managers as exempt from overtime payment, yet under-staffed its restaurants so as to require them to perform the duties of hourly employees in excess of forty hours a week without overtime compensation.[19] Stubbs's motion for conditional certification was scantily supported by two affidavits of a husband and wife who had no exposure to first assistant managers, whom they claimed to represent, or other persons similarly situated in any other facility who expressed an interest in joining the collective action.[20] In denying the motion for conditional certification, the court noted that while the conditional certification standard is lenient at the notice stage, a plaintiff must "provide more than his own speculative allegations, standing alone."[21]

Like *Stubbs*, Plaintiff's allegations can hardly be considered substantial. Plaintiff alleges that all Delivery Driver/Technicians were subject to the same policy requiring them to take an unpaid lunch hour, and that they would be reprimanded if they recorded time worked over lunch on their time sheets. Plaintiff's conclusory allegation that Delivery Driver/Technicians "regularly" worked through lunch does not establish that Provider Plus engaged in a common

---

[18] 227 F.R.D. 661 (D. Kan. 2004).

[19] *Id.* at 666.

[20] *Id.*

[21] *Id.*

6

course of conduct in relation to all potential class members. Although the mandatory lunch hour policy applies uniformly to all Delivery Driver/Technicians, Plaintiff himself is the lone example of a Delivery Driver/Technician being required to work off-the-clock over the lunch hour. Although his affidavit is couched in terms of "we" and "our," Plaintiff does not name a single co-worker who shares his concerns, or one willing to provide an affidavit or desire to opt-in to the litigation. In *Stubbs*, plaintiff stated in his affidavit that he had "numerous conversations with other [employees in his position]" who told him they suffered similar FLSA violations.[22] Here, Plaintiff does not even offer that limited evidence. Further, Plaintiff does not purport to have any personal knowledge of the matters as they pertain to any other Delivery Driver/Technician or of the practices in Provider Plus's Missouri or Illinois offices.

Simply put, Plaintiff's conclusory and general allegations may offer support for his individual FLSA claim against Provider Plus, but fall short of the mark required for conditional certification. Plaintiff has failed to meet his burden to prove that he and his putative class are similarly situated, and the Court accordingly denies Plaintiff's request for conditional class certification of his FLSA claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Conditional Certification of Class Claims Under § 216 of the FLSA (Doc. 23) is DENIED.

**IT IS SO ORDERED.**
Dated: <u>September 26, 2012</u>

                               S/ Julie A. Robinson
                               JULIE A. ROBINSON
                               UNITED STATES DISTRICT JUDGE

---

[22] *Id.*

7